UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CitiSculpt, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Advanced Commercial Credit International (ACI) Limited, d/b/a ACI Capital Partners, <br><br> Defendant. | Civil Action No.: 6:17-cv-69-BHH <br><br> **OPINION AND ORDER** |

This matter is before the Court on the motion of Plaintiff CitiSculpt, LLC ("CitiSculpt") for a preliminary injunction (ECF No. 7) enjoining and restraining Defendant Advanced Commercial Credit International Limited ("ACI"), its agents and employees from representing that it is the exclusive debt broker for CitiSculpt with respect to a particular real estate closing, and from interfering with CitiSculpt's economic opportunities and contracts regarding the real property in question. (*Id.* at 3.) The motion is denied.

## BACKGROUND

CitiSculpt is under contract with the owner of certain real property located in the State of South Carolina, County of Greenville, to purchase said property ("10 S Academy Street"). CitiSculpt alleges: (1) that it had a contract with ACI whereby ACI would provide financing for CitiSculpt to acquire the 10 S Academy Street property; (2) that ACI breached that contract by failing to provide financing; (3) that ACI is now

1

contacting third parties, from which CitiSculpt is trying to acquire financing, telling them that ACI is the exclusive debt broker for the 10 S Academy Street closing; and (4) that CitiSculpt may not be able to obtain financing unless Defendant ceases such communications with third parties. (*See* ECF Nos. 1; 7.) CitiSculpt claims that ACI is "intentionally interfering with CitiSculpt's prospective business contacts and threatening legal action against prospective lenders." (ECF No. 7 ¶ 12.)

## STANDARD OF REVIEW

The Supreme Court has stressed that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) ("Because preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power, this Court should be particularly exacting in its use of the abuse of discretion standard when it reviews an order granting a preliminary injunction." (quotation marks and citation omitted)). To obtain a preliminary injunction, the moving party must establish: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id.* at 320. The party seeking the injunction bears the burden to establish each of these elements by a "clear showing." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).

## DISCUSSION

CitiSculpt has not made a clear showing that it is likely to succeed on the merits. There is a considerable disconnect between CitiSculpt's motion and its complaint. The

motion is premised on the notion that ACI is tortiously interfering with CitiSculpt's economic opportunities and contracts with respect to its efforts to purchase the 10 S Academy Street property. (*See* ECF No. 7 ¶ 14.) The complaint alleges causes of action for fraud in the inducement, negligent misrepresentation, and breach of contract. (ECF No. 1 ¶¶ 25-51.)

CitiSculpt attached a two page affidavit made by its general counsel in a purported attempt to substantiate the allegation that ACI is inappropriately informing third-party prospective lenders that ACI is the exclusive debt broker for the 10 S Academy Street closing, as well as threating legal action against prospective lenders. (ECF No. 7-1.) These assertions are hearsay and fail to even name prospective lenders with which ACI is supposed to have had inappropriate contact. (*See id.* ¶¶ 6-7.) This evidence hardly qualifies as an adequate showing that ACI has engaged in tortious interference with CitiSculpt's prospective business relationships. But the defect in CitiSculpt's motion is more fundamental: CitiSculpt has not even begun to show, let alone made a clear showing, that it will succeed on the merits of the claims in its complaint. The Court need say no more. The first *Winter* factor has not been satisfied.

Turning to the second *Winter* factor, the Court finds that CitiSculpt has not shown that it is likely to suffer irreparable harm in the absence of injunctive relief. As Judge Childs noted in her recent ruling on a preliminary injunction motion: "When analyzing the irreparable harm element, there are two inquiries: 1) whether the plaintiff is indeed suffering actual and imminent harm; and 2) whether that harm is truly irreparable, or whether it can be remedied at a later time with money damages." *Poly-Med, Inc. v.*

*Novus Sci. Pte Ltd.*, No. 8:15-CV-01964-JMC, 2016 WL 7111704, at *9 (D.S.C. Dec. 7, 2016) (citations omitted).

CitiSculpt has not made a clear showing that it is suffering actual harm or imminently will suffer harm as a result of ACI's alleged inappropriate communications with third-party prospective lenders. With due respect, Mr. Applefield's affidavit will not do. The portion of the affidavit that is material to the motion currently before the Court consists of nothing more than non-specific, unsubstantiated, and conclusory allegations regarding what ACI's "agents and employees" may or may not have said during conversations in which CitiSculpt took no part. (*See* ECF No. 7-1 ¶¶ 7-9.)

Even further from CitiSculpt's reach is a clear showing that any putative harm it is suffering, or may suffer in the future, is irreparable. CitiSculpt has not alleged, let alone shown, that it has lost any business relationships with third-party lenders as a consequence of ACI's communications, that it has lost any financing opportunities, or that it will be unable to close on the property in question. ACI aptly described this flaw in CitiSculpt's motion as follows: "Plaintiff has merely alleged that, in the absence of injunctive relief, it will be harmed, and has left the nature and extent of that harm up to the Court's imagination." (ECF No. 13 at 4.) But even if CitiSculpt had shown specific harms of an actual or imminent nature, it has not given even the least explanation of why such harm would be irreparable. Presumably, the worst harm CitiSculpt could suffer is a lost economic opportunity to acquire the 10 S Academy Street property. However, there is no reason these speculative damages could not be remedied through monetary compensation. Accordingly, CitiSculpt has failed to show that any damages it has suffered, or may suffer, in the context of this commercial transaction are irreparable.

Having already found CitiSculpt's motion deficient on the first two *Winter* factors, it would be extraneous for the Court to continue with its analysis. Suffice to say, a preliminary injunction is not an appropriate remedy based on the record and the theory advanced by CitiSculpt. The Court finds it unnecessary to conduct a hearing on this matter.

## **CONCLUSION**

For the reasons set forth above, CitiSculpt's motion for a preliminary injunction (ECF No. 7) is DENIED. ACI's corresponding request for reimbursement of the costs and legal fees it has incurred in connection with responding to the motion (ECF No. 13 at 11) is also DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

February 7, 2017
Greenville, South Carolina

5