IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advanced Commercial Credit International (ACI) Limited, a Virginia Corporation d/b/a ACI Capital Partners,<br><br>    Plaintiff,<br><br>v.<br><br>CitiSculpt, LLC, a North Carolina Limited Liability Company; CitiSculpt SC, LLC, a South Carolina Limited Liability Company; CS-10 South Academy St., LLC, a South Carolina Limited Liability Company; 10 Academy Street, LLC, a North Carolina Limited Liability Company; Eastern Federal Corporation, a North Carolina Corporation; EFC Management Company, Inc., a North Carolina Corporation; EFC Dynasty Investments, LLC, a North Carolina Limited Liability Company; A10 Capital, LLC, a Delaware Limited Liability Company; A10 REIT, LLC, a Delaware Limited Liability Company; and A10 Revolving Asset Financing II, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. 6:17-cv-00069-DCC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Entry of Default, ECF No. 45, and Defendant CitiSculpt, LLC's Motion to Set Aside Entry of Default, ECF No. 49. The Motions have been fully briefed and are ripe for consideration.

**<u>BACKGROUND</u>**

On June 28, 2017, Plaintiff filed an Amended Complaint in the underlying action. ECF No. 41. Defendant CitiSculpt, LLC ("CitiSculpt") was served electronically with the

1

Amended Complaint a short time later on June 28, 2017. ECF No. 44-1. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(3), Defendant CitiSculpt was required to file a responsive pleading within fourteen (14) days. Defendant CitiSculpt failed to plead or otherwise respond by the July 12, 2017 deadline.

On July 18, 2017, Plaintiff filed a Motion for Entry of Default as to Defendant CitiSculpt. The next day, Defendant CitiSculpt filed an Answer in response to the Amended Complaint. ECF No. 46. On July 24, 2017, Defendant CitiSculpt filed a Memorandum in Opposition to Plaintiff's Motion for Entry of Default or Alternatively, Motion to Set Aside Entry of Default. ECF No. 49. To date, the Clerk has not entered default in this case.

## **LEGAL STANDARD**

"Even where default has not been formally entered, a defendant must petition the Court for relief from default if the defendant has failed to answer or otherwise respond within the prescribed time limit." *Glenn v. Commc'n Workers of Am.*, No. 8:04-cv-23071-GRA-BHH, 2007 WL 2022186, at *3 (D.S.C. July 11, 2007) (citations omitted). "The Court, therefore, must consider whether the *de facto* default in this case should be excused pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Id.*

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." "Generally speaking, 'a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.'" *Colleton Preparatory Acad., Inc. v. Beazer E., Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). "[A]ll that is necessary to establish the existence of a

'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, the Court must also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). "All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Colleton Preparatory Acad., Inc.*, 223 F.R.D. at 406.

## DISCUSSION

Based on the facts and factors set forth above, the Court finds that Defendant CitiSculpt has demonstrated good cause to set aside the *de facto* entry of default. First, Defendant CitiSculpt has established the existence of a meritorious defense as it has filed an Answer, ECF No. 46, and an Affidavit of its General Counsel outlining the factual predicate for the defenses asserted in the Answer, ECF No. 48-1. Second, the Court finds that Plaintiff will not be prejudiced by setting aside the *de facto* default, and Plaintiff acknowledges that "[t]he only prejudice that [it] can perceive . . . would be the consequence of requiring Plaintiff to litigate against CitiSculpt on positions that [it believes] are without merit." ECF No. 55 at 6. Third, the Court finds that, while Defendant CitiSculpt did not file a response to an earlier Motion to Dismiss, ECF No. 19 at 4, it has not engaged in a *history* of dilatory action. *See, e.g., Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011) ("[I]f the dilatory action is solely the fault of the attorney and the defendant is blameless, the Court will favor setting aside

3

default."). Fourth, there are far less drastic sanctions available to Plaintiff in comparison to granting its Motion for Default Judgment. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) (noting that a motion for an award of attorney's fees and costs to a plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate). Finally, in regards to the personal responsibility of the defaulting party, Defendant CitiSculpt's counsel claims that he "misread Rule 15 and calendared CitiSculpt's answer due in 21 days instead of 14." ECF No. 48 at 4. Defendant CitiSculpt further notes that it filed an Answer within one day of the receipt of Plaintiff's Motion for Entry of Default. *See* ECF No. 46. The Court finds that Defendant CitiSculpt acted with reasonable diligence in seeking to set aside the default.

## **CONCLUSION**

For the foregoing reasons, Defendant CitiSculpt's Motion to Set Aside Entry of Default, ECF No. 49, is **GRANTED** and Plaintiff's Motion for Entry of Default, ECF No. 45, is **DENIED.**

IT IS SO ORDERED.

                                                            s/Donald C. Coggins, Jr.
                                                            United States District Judge

April 2, 2018
Spartanburg, South Carolina