UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Advanced Commercial Credit International (ACI) Limited, a Virginia Corporation d/b/a ACI Capital Partners, | ) ) ) ) ) | Civil Action No.: 6:17-cv-69-AMQ |
|---|---|---|
| Plaintiff, | ) ) ) | **OPINION AND ORDER** |
| vs. | ) ) | |
| CitiSculpt, LLC, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Defendants CitiSculpt SC, LLC, CS-10 South Academy Street, LLC, and 10 Academy Street, LLC's Motion to Dismiss the First Amended Complaint (ECF No. 51); Defendant CitiSculpt, LLC's Motion to Dismiss the First Amended Complaint (ECF No. 53); Defendants Eastern Federal Corporation, EFC Management Company, Inc., and EFC Dynasty Investments, LLC's Motion to Dismiss (ECF No. 68); and Plaintiff Advanced Commercial Credit International (ACI) Limited's ("ACI") Motion for Partial Summary Judgment (ECF No. 75). This Court held a hearing on the motions on May 1, 2018 and, at that time, stated its rulings denying ACI's Motion for Partial Summary Judgment (ECF No. 75) and Defendant CitiSculpt, LLC's Motion to Dismiss (ECF No. 51.) The Court has carefully considered the briefing and arguments submitted by the parties, as well as the entire record in this case. For the reasons set forth herein, the Court grants Defendants CitiSculpt SC, LLC, CS-10 South Academy Street, LLC, and 10 Academy Street, LLC's Motion to Dismiss the First Amended

1

Complaint (ECF No. 51), and Defendants Eastern Federal Corporation, EFC Management Company, Inc., and EFC Dynasty Investments, LLC's Motion to Dismiss (ECF No. 68), but without prejudice to ACI and with leave granted to ACI to replead claims through an amended complaint that is consistent with this order.

## BACKGROUND AND PROCEDURAL HISTORY

CitiSculpt, LLC ("CitiSculpt") filed this action on or around January 9, 2017, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 against ACI concerning the purchase of certain real property ("10 S. Academy Street") in South Carolina. (ECF No. 1 at 2.) According to the initial complaint, CitiSculpt and ACI entered into a Letter of Interest/Term Sheet Agreement ("Term Sheet Agreement") on or around November 16, 2016, concerning the potential purchase of the 10 S. Academy Street real estate. (ECF No. 1 at ¶¶11-15.) CitiSculpt asserted causes of action for fraud, negligent misrepresentation, and breach of contract concerning the failed funding deal.

ACI filed its answer on January 31, 2017, and also raised several causes of action in a counterclaim against CitiSculpt. (ECF No. 8.) ACI also filed a Motion to Dismiss CitiSculpt's Complaint. (ECF No. 10.) On February 17, 2017, United States District Judge Bruce Howe Hendricks issued an order dismissing CitiSculpt's causes of action against ACI without prejudice. (ECF No. 19, 23.) ACI's counterclaim against CitiSculpt was reinstated, and the parties were realigned pursuant to an April 7, 2017, order such that ACI was designated as the plaintiff. (ECF No. 34.) Thereafter, ACI was granted leave to refile its complaint against CitiSculpt as well as several defendant entities and alleged subsidiaries of CitiSculpt. The allegations concern CitiSculpt's procurement of funding for the 10 S. Academy Street real estate through a third-party

ACI claims to have introduced to CitiSculpt (a "revealed contact"), thereby, according to ACI, entitling ACI to a fee pursuant to the Term Sheet Agreement. (ECF No. 41 at ¶ 64.) ACI asserted a first cause of action for breach of contract against CitiSculpt only, a second cause of action for tortious interference with prospective economic opportunities against each defendant except CitiSculpt, and a third cause of action for statutory conspiracy against all Defendants. ACI asserted each of these claims pursuant to Virginia law. (ECF No. 41 at ¶¶ 66-72, 76, 86-88.)

On July 26, 2017, Defendants CitiSculpt SC, LLC, CS-10 South Academy Street, LLC, and 10 Academy Street, LLC (collectively referred to hereinafter as the "CitiSculpt Subsidiaries") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that ACI failed to state a claim for tortious interference with a prospective business relationship or conspiracy under Virginia law. (ECF No. 51.) On August 2, 2017, CitiSculpt filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that the alleged contract is "illusory" and, therefore, could not be breached as a matter of law. (ECF No. 53.) On August 29, 2017, the Defendants Eastern Federal Corporation, EFC Management Company, Inc., and EFC Dynasty Investments, LLC (collectively referred to hereinafter as the "Eastern Defendants") filed a motion to dismiss on the grounds that South Carolina law, rather than Virginia law, applies to any claims asserted against those defendants. (ECF No. 68.) Finally, ACI filed a Motion for Partial Summary Judgment asking this Court to find as a matter of law that the Term Sheet Agreement is not "illusory." (ECF No. 75.) Responses and replies have been filed in association with the above-referenced motions and the motions are ripe for review.

## LEGAL STANDARDS

### Motion to Dismiss Standard

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff. . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### Summary Judgment Standard

A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Thus, at the summary judgment phase, "[t]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, No. 17-1503, 2018 WL 1916320, at *3 (4th Cir. Apr. 24, 2018)(internal citation and quotation marks omitted).

## DISCUSSION

First, the Court will address the two motions ruled upon during the May 1, 2018 hearing:

### ACI's Motion for Partial Summary Judgment

ACI's motion asks this Court to find as a matter of law that the Term Sheet Agreement at issue is not unenforceable on the basis of being "illusory." The motion highlights a key point of contention between ACI and CitiSculpt, that being the enforceability of a so-called "non-circumvention" provision in the Term Sheet Agreement. (ECF No. 75-1 at 5-6.)

5

After reviewing the evidence, arguments, and the case law presented by the parties, and in light of the standard applicable to motions for summary judgment, the Court at this time denies ACI's Motion for Partial Summary Judgment. ACI has taken the position that the Term Sheet Agreement itself cannot be illusory because it is supported by consideration, and the parties allegedly performed. Such an argument, however, does not speak to the "non-circumvention provision" itself, and there remain issues of material fact concerning the provisions and claims of the parties, and the scope and nature of the Term Sheet Agreement. (*See* ECF No. 79). Finally, the Motion for Partial Summary Judgment as it has been presented is not dispositive of an entire claim and, therefore, is not a proper use of Rule 56 of the Federal Rules of Civil Procedure. *See Greene v. Life Care Ctrs., Inc.*, 586 F.Supp.2d 589 (D.S.C.2008) ("A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim."); *see also Mathewson v. Lincoln Nat'l Life Ins. Co.*, 518 F.Supp.2d 657, 660 (D.S.C.2007) ("Courts have consistently declined to use Rule 56(d) to authorize an independent motion to establish certain facts as true.") For these reasons, ACI's Motion is denied.

**CitiSculpt, LLC's Motion to Dismiss the First Amended Complaint**

The Court also denies CitiSculpt's Motion to Dismiss brought on the grounds that the contract is illusory and, therefore, cannot be breached as a matter of law. Alternatively, CitiSculpt claims the breach of contract, tort and conspiracy claims fail because ACI did not introduce CitiSculpt to the third-party funding source A10 Capital for purposes of the project, and, therefore, did not breach the contractual terms. (ECF No. 53-1 at 7.) CitiSculpt and ACI were parties to an alleged agreement with a choice of

law provision implicating Virginia law and neither party disputes the application of Virginia law to these claims.

A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Accepting ACI's allegations as true, and confining the analysis to whether ACI's claims have been sufficiently stated, the Court concludes ACI has sufficiently pled claims under Virginia law that are plausible on their face. The Motion is, therefore, denied.

**Defendants Eastern Federal Corporation, EFC Management Company, Inc., and EFC Dynasty Investments, LLC's Motion to Dismiss the First Amended Complaint**

Next, the Court addresses the Eastern Defendants' Motion to Dismiss. (ECF No. 68.) These defendants claim that the two tort causes of action asserted against them—tortious interference with prospective economic opportunities and statutory civil conspiracy—should be dismissed as they are asserted under Virginia law. The Eastern Defendants argue that because they are not parties to the Term Sheet Agreement or subject to its choice of law provision, South Carolina law governs any tort claims asserted against them. Additionally, the Eastern Defendants argue that ACI has failed to state a claim under corresponding South Carolina law for tortious interference with prospective contractual relations and common law civil conspiracy. (ECF No. 68-1 at 7.)

As a threshold matter, the Court must address the choice of law issue that has been presented by the Eastern Defendants' briefing and arguments to the Court. This matter is before the Court based on diversity jurisdiction. Thus, the Court will apply the choice of law rules for the forum state—South Carolina. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).

Applying *lex loci delicti* principles as they have been applied by South Carolina courts, this Court must apply the substantive law of the state in which "in which *the injury occurred,* not where the results of the injury were felt or where the damages manifested themselves." *Rogers v. Lee*, 414 S.C. 225, 231, 777 S.E.2d 402, 405 (Ct. App. 2015)(disagreeing with assertion that *lex loci delicti* is determined simply by the location of manifestation of a plaintiff's financial damages in a legal malpractice action). Importantly, in *Rogers v. Lee*, the Court of Appeals of South Carolina distinguished *Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 144, 494 S.E.2d 449 (Ct. App. 1997), a case involving a fraudulent misrepresentation, and clarified that "the injury was not considered to have occurred in South Carolina simply because the plaintiffs resided in South Carolina and therefore felt the financial consequences of it there." *Rogers*, 414 S.C. 225, at 231, 777 S.E.2d at 405; *see also Dawkins v. State,* 306 S.C. 391, 412 S.E.2d 407 (1991) (it is well established in South Carolina that in tort cases the law of the place where the injury was occasioned or inflicted, governs in respect of right of action). This distinction is important in view of ACI's arguments which seem to advocate, among other things, that Virginia law must apply to these defendants based

on ACI's domiciliary and where it might have felt the economic or financial harm. (*See* ECF No. 70 at 6-7.)

The alleged injuries to ACI by the Eastern Defendants are based in tort, specifically interference and conspiratorial conduct which thwarted ACI's ability to realize its economic expectancy and financial rights relative to the purchase and acquisition of a commercial real estate property located in South Carolina. (ECF No. 41 at ¶¶ 31-33, 87). Indeed, ACI states that it is "each Defendant's willful participation in a property transaction that occurred in Greenville County, South Carolina, which forms the basis of this controversy." (ECF No. 41 at ¶ 14.)

At the hearing on this matter, this Court highlighted the importance of the choice of law concerns raised by the Eastern Defendants. A choice-of-law inquiry can be very fact intensive. Because of that, many courts in this Circuit would postpone the analysis until the record is more complete and discovery has been conducted. A Court, however, may appropriately undertake a choice of law analysis at the motion to dismiss stage where the factual record is sufficiently developed to facilitate the resolution of the issue. *Poole v. Transcon. Fund Admin., Ltd.*, No. CV 6:12-2943-BHH, 2016 WL 301225, at *5 (D.S.C. Jan. 25, 2016) (collecting cases); *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 3:11-CV-02784-JMC, 2013 WL 1316562, at *2 (D.S.C. Mar. 27, 2013) (collecting cases). Here, the Court must still determine whether ACI has succeeded in stating a claim in order for that claim to survive the pending motions to dismiss. *See Kenney v. Indep. Order of Foresters*, 744 F.3d 901, 907–08 (4th Cir. 2014) (deciding which state's law applies to the substantive tort claim

in considering a motion to dismiss). Therefore, the Court believes it is appropriate and necessary to address the choice of law issue at this time.[1]

ACI has alleged no connection between the Eastern Defendants and any other state as it relates to the purported injury, other than a connection to South Carolina. The tortious interference with prospective economic opportunities and statutory civil conspiracy claims are relative to the financing from A10 Capital for the 10 S. Academy Street real estate in South Carolina. Further, the Eastern Defendants are not parties to the Term Sheet Agreement between ACI and CitiSculpt, and are, therefore, not subject to the choice of law provision set forth in the alleged agreement. All wrongs alleged in the Amended Complaint appear to have occurred in South Carolina. Based upon the allegations of the Amended Complaint, this Court finds that South Carolina law would apply to the Eastern Defendants for purposes of ruling on the instant motion to dismiss.

At this stage of the litigation, the relevant inquiry is whether ACI has pled sufficient facts that would entitle it to relief. Because ACI pled claims under Virginia law rather than South Carolina law, the Court agrees with the Eastern Defendants that the claims should be dismissed. Accordingly, the Court grants the Eastern Defendants' Motion to Dismiss but without prejudice to ACI and granting leave to ACI to replead claims against these defendants through an amended complaint that is consistent with this Order no later than May 18, 2018.[2]

---

[1] This finding is not intended to serve as a final determination of choice of law issues for all purposes in this case. If different facts and choice of law issues develop later on in this litigation after the parties continue with discovery, the Court is open to re-consider this issue.

[2] The Court finds allowing ACI to replead under South Carolina law would not unfairly or unreasonably prejudice the defendants. At the hearing on these matters, the defendants acknowledged that allowing ACI to replead would not be prejudicial to them.

**CitiSculpt SC, LLC, CS-10 South Academy Street, LLC, AND 10 Academy Street, LLC's Motion to Dismiss the First Amended Complaint**

Finally, the Court addresses the Motion to Dismiss filed by the CitiSculpt Subsidiaries. (ECF No. 51.) These defendants have moved to dismiss the tort causes of action asserted against them under Virginia law alleging ACI failed to sufficiently identify the intentional conduct, probability of future economic benefit, or wrongful acts to support claims for tortious interference with prospective economic opportunities and civil conspiracy. Because the CitiSculpt Subsidiaries are not parties to the Term Sheet Agreement, the Court finds these entities are similarly situated to the Eastern Defendants as it relates to the choice of law analysis. Thus, for the reasons set forth above concerning the Eastern Defendants' Motion to Dismiss, this Court also grants the CitiSculpt Subsidiaries' Motion but without prejudice to ACI and granting leave to ACI to replead claims against these defendants through an amended complaint that is consistent with this Order no later than May 18, 2018.[3]

## **CONCLUSION**

For the reasons set forth herein and during the May 1, 2018 hearing, ACI's Motion for Partial Summary Judgment (ECF No. 75) is DENIED; and Defendant CitiSculpt, LLC's Motion to Dismiss (ECF No. 51) is DENIED. For the reasons set forth

---

[3] Both the CitiSculpt Subsidiaries and the Eastern Defendants assert that ACI's pleadings lack the necessary facts and specificity required to withstand a Rule 12(b)(6) challenge. Since the Court has dismissed without prejudice the amended complaint based on the choice of law issue, the Court cannot determine at this time whether any amended pleading file by ACI will or will not meet the pleading standard applicable to this Court. However, the Court would note that ACI's pleadings in the amended complaint, while not a model of robustness or specificity, would have met the Rule 12(b)(6) standards for pleadings if Virginia law was applied. The Court will certainly consider any motions filed by the parties. However, the Court feels that the issues raised by the CitiSculpt Subsidiaries and the Eastern Defendants are more appropriate for a motion for summary judgment than a motion to dismiss.

herein, Defendants CitiSculpt SC, LLC, CS-10 South Academy Street, LLC, and 10 Academy Street, LLC's Motion to Dismiss the First Amended Complaint (ECF No. 53), and Defendants Eastern Federal Corporation, EFC Management Company, Inc., and EFC Dynasty Investments, LLC's Motion to Dismiss (ECF No. 68) is GRANTED but without prejudice to ACI and with leave granted to ACI to replead claims through an amended complaint that is consistent with this Order.

If ACI elects to file a second amended complaint, it shall do so by May 18, 2018. If filed, the second amended complaint shall set forth the counts against each Defendant/group of Defendants separately, repeating the relevant factual allegations within each count in a manner which links the factual allegations to the elements of each claim and shall allege the factual and legal foundation for any claim.

The parties are directed to give careful attention to the Third Amended Scheduling Order entered contemporaneously with this Order.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

May 10, 2018
Greenville, South Carolina